IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Sierra Dust Control, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15-cv-2047 |
| | ) | |
| Next Level Energy Services, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Sierra Dust Control, L.L.C. ("Sierra Dust Control"), complaining of patent infringement by Next Level Energy Services, L.L.C. ("Next Level"), alleges as follows:

**THE PARTIES**

1. Sierra Dust Control is a Texas limited liability company having its principal place of business at 1155 E. Johnson St., Tatum, Texas 75691.

2. On information and belief, Next Level is also a Texas limited liability company, having its principal place of business at 998 County Road 184, Carthage, Texas 75633.

3. This action arises under the United States Patent Laws, 35 U.S.C. §§ 1, et seq. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

4. The Court has personal jurisdiction over Next Level because it has committed acts of infringement in this Judicial District in violation of 35 U.S.C. § 271, has offices in Texas, transacts business in this Judicial District, has purposefully availed itself of the privileges and benefits of the laws of Texas, solicits customers in the State of Texas, and has customers who are

residents of the State of Texas and this Judicial District and who use infringing equipment and services provided by Next Level.

5. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c ) and 1400(b).

### THE PATENTS-IN-SUIT

6. Sierra Dust Control is engaged, among other things, in providing services to the oil services industry and in particular to companies engaged in hydraulic fracturing to control and removing silica dust during the handling of frac sand.

7. Sierra Dust Control is engaged in the manufacture of equipment for controlling silica dust in such applications and providing dust-control services to companies engaged in hydraulic fracturing.

8. Sierra Dust Control is the owner of all right, title, and interest in U.S. Patent No. 9,162,261 ("the '261 patent") for "Systems and Methods for Controlling Silica Dust During Hydraulic Fracturing Operations" issued October 20, 2015. A copy of the '261 patent is attached as Exhibit A.

9. Sierra Dust Control is the owner of all right, title, and interest in U.S. Patent No. 9,168,482 ("the '482 patent") for "Systems and Methods for Controlling Silica Dust During Hydraulic Fracturing Operations" issued October 27, 2015. A copy of the '482 patent is attached as Exhibit B.

### FIRST CAUSE OF ACTION
### INFRINGEMENT OF THE '261 PATENT

10. On information and belief, Next Level has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '261 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, and operating dust-control systems that infringe the '261 patent.

11. On information and belief, Next Level has infringed and continues to infringe at least claim 1 of the '261 patent by inducing customers and potential customers to use products or processes within the United States that practice the inventions of the '261 patent with knowledge of the '261 patent and awareness that such customers directly infringe.

12. On information and belief, Next Level's infringement has been deliberate and willful.

13. Sierra Dust Control has been damaged by Next Level's infringement of the '261 patent, has been irreparable harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Next Level from further infringement.

14. Sierra Dust Control will continue to suffer additional damages beyond monetary relief by Next Level's continued infringement of the '261 patent unless this Court grants a preliminary and permanent injunction against Next Level.

### SECOND CAUSE OF ACTION
### INFRINGEMENT OF THE '482 PATENT

15. On information and belief, Next Level has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 6 of the '482 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, and operating dust-control systems that infringe the '482 patent.

16. On information and belief, Next Level has infringed and continues to infringe at least claim 6 of the '482 patent by inducing customers and potential customers to use products or processes within the United States that practice the inventions of the '482 patent with knowledge of the '482 patent and awareness that such customers directly infringe.

17. On information and belief, Next Level's infringement has been deliberate and willful.

18. Sierra Dust Control has been damaged by Next Level's infringement of the '482 patent, has been irreparable harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Next Level from further infringement.

19. Sierra Dust Control will continue to suffer additional damages beyond monetary relief by Next Level's continued infringement of the '482 patent unless this Court grants a preliminary and permanent injunction against Next Level.

### DEMAND FOR JURY TRIAL

20. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Sierra Dust Control demands a jury trial.

### RELIEF REQUESTED

21. Sierra Dust Control seeks judgment that:

    a. Next Level has infringed and is infringing the Patents-in-Suit;

    b. Next Level, its officers, agents, servants, employees, attorneys, successors and assigns and all other persons in active concert or participation with them be enjoined from infringing, contributing to infringement and inducing infringement of the Patents-in-Suit;

    c. Sierra Dust Control be awarded compensatory damages, together with interest and costs under 35 U.S.C. § 284;

    d. The Court increase the award of damages up to three times the amount found or assessed under 35 U.S.C. § 284 for willful infringement;

    e. The Court declare this case to be exceptional and award increased damages;

    f. The Court grant a preliminary and permanent injunction against Next Level, Next Level's officers, agents, servants, employees, attorneys, and other persons who are in active

concert or participation with Next Level pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure; and

    g.    Grant Sierra Dust Control such other and further relief in law or equity as the Court may deem just and proper.

Dated: December 1, 2015

Respectfully submitted,

/s/ Herbert J. Hammond
Herbert J. Hammond
  State Bar No. 08858500
  Herbert.Hammond@tklaw.com
Shivan V. Mehta
  State Bar No. 24083490
  Shivan.Mehta@tklaw.com

**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (Fax)

RON ADKISON
State Bar No. 00921090

**Adkison Law Firm**
300 W. Main St.
Henderson, TX 75652
903/657-8545 Telephone
903/657-6108 Facsimile

**ATTORNEYS FOR PLAINTIFF
SIERRA DUST CONTROL, L.L.C.**